## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**
   **Appellee,**

**v.**            **Appeal No.**  **25-4526**


**STEVEN DAVID SEEGER,**
   **Appellant.**


### UNITED STATES' MOTION TO DISMISS APPEAL

The United States, pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27(f)(2), moves the Court to dismiss Defendant Seeger's appeal as it relates to his claim that the restitution order violates the Ex Post Facto Clause because it applies harsher post-offense restitution provisions in contravention of *Ellington v. United States*, because Seeger knowingly and voluntarily waived his right to appeal his conviction and sentence in his plea agreement, except for a limited carve out for Seeger to appeal adverse rulings on his motions to suppress.

This Court will enforce an appeal waiver if the waiver is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). Whether an appellate "waiver is 'knowing and intelligent' depends 'upon the particular facts

1

and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quotation omitted) (alteration in the original). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 538 (4th Cir. 2012) (citing *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005)). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he made under oath during a plea colloquy." *Fields v. Att'y Gen. Of Maryland*, 956 F.2d 1290 (4th Cir. 1992).

It is clear from the record in this case that Seeger knowingly and intelligently waived his appellate rights. Mr. Seeger was at all times represented by counsel and engaged directly with the court when he had questions concerning any provisions. During the plea hearing held on May 12, 2025, before Magistrate Judge Michael J. Aloi, the Government summarized the provisions of the plea agreement, including paragraph 11 that contained the appellate waiver as well as paragraph 14 which "state[d] that the defendant understands that restitution is a condition of this agreement" and "the defendant will be required to pay Jane Doe One and Jane Doe Two and has agreed to pay restitution to KD." J.A. 236, J.A. 237. Further, specifically as to KD, the government summarized "[t]he amount of restitution to be

determined by the Court will be at least $3,000 payable to each victim." J.A. 237-238.

Then, in the colloquy with the magistrate judge Seeger acknowledged he reviewed each paragraph of the plea agreement with counsel. J.A. 245, J.A. 247. The magistrate judge explained that the plea agreement provided that Seeger would be required to pay certain special assessments "under the Justice for Victims of Trafficking Act" and "for the Amy, Vicky and Andy Child Pornography Assistance Act," if the acts were "found to be applicable."  J.A. 283-284. In response, Seeger stated that he had "pointed out" that both acts were passed "past the period of the indictment," and that he "may also not be subject to that."  J.A. 284.  Seeger stated he could "bring that up at the sentencing hearing."  J.A. 284. The government, in response to a question regarding these specific assessments, confirmed that Seeger "preserved his right."  J.A. 284.

The magistrate judge then reviewed with Seeger that "paragraph 14 of [his] plea agreement talks about restitution as statutorily required," and, also in paragraph 14, that he "agreed in the plea agreement to pay restitution to any such victim regardless of whether you plead guilty to the count with which the victim is associated." J.A. 287.  Seeger confirmed his understanding.  Judge Aloi then reviewed with Seeger the fact that in his plea agreement he was giving up his right to appeal his sentence under many circumstances, to which Seeger agreed. J.A. 294-

295. Specifically, he acknowledged under Paragraph 11A, of the plea agreement, he had given up his right to appeal his sentence on any grounds whatsoever. J.A. 296. Then he verified his expanded knowledge under Paragraph 11B, to include the length of the sentence, forfeiture, or whatever penalties or fines may be imposed. J.A. 296. Judge Aloi then confirmed Seeger's understanding that he would only have the right to appeal his guilty plea if he believed it was unlawful or involuntary or that there was some other fundamental defect in the proceedings.

Finally, the magistrate judge confirmed Seeger's understanding that he was waiving his post-conviction remedies (specifically habeas corpus and/or collateral attack) and that, in Paragraph 11C, Seeger knowingly and expressly waived his right to challenge his conviction and his sentence, if it was within the binding range of imprisonment (not less than 15 but not more than 30 years), or the manner in which it was determined in any postconviction proceeding.  J.A. 297. To all of which Seeger acknowledged his understanding, including the fact that his attorneys had discussed all of the waivers with him. J.A. 299. Additionally, each of Seeger's attorneys confirmed they believed Seeger understood the rights he was waiving. Based thereon, the magistrate judge found Seeger understood the nature of the charges, the consequences of his guilty plea, and the important appellate rights he waived, and also that he had preserved his right to appeal his motions to suppress. J.A. 300.

4

The first presentence report ("PSR"), dated June 30, 2025, stated at paragraph 141,

> The defendant is also subject to the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. In addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess (1) not more than $17,000 on any person convicted of an offense under 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense. The court shall consider the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 when ordering this assessment. 18 U.S.C. § 2259A.

Original PSR, page 32.

Mr. Seeger raised two objections, consistent with the objection he raised regarding the special assessments, specifically to paragraphs 140 and 141. The first was that Seeger was not subject to the Amy, Vicky, Andy Child Pornography Assistance Act of 2018 (AVAA); and the second, that he was not subject to the provisions of the Justice for Victims of Trafficking Act of 2015 (JVTA). The probation officer thereafter modified the PSR and filed an amended PSR on September 2, 2025, and completely struck the content from the original paragraph 140, as well as references to either Act included in the original paragraph 141. The probation officer also struck reference to the AVAA originally included in paragraph 60 and modified the Victim Impact section of the PSR to note "The provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense." S.A. 019.

When the district court convened the matter for Sentencing on September 18,

2025, it inquired whether the parties' objections had been adequately addressed. Mr. Dyer confirmed for the district court that the provisions of AVAA and JVTA had been removed from the PSR. J.A. 377-378. Then, with no objection from counsel, the amended PSR was accepted and filed under seal. J.A. 378. Later, when the district court inquired about restitution, the government confirmed that the parties had stipulated that restitution was required but did not stipulate to the precise figures except that Victim K.D. would receive at least $3,000. J.A. 385. The government then set forth the figures – which it had also set forth in a memorandum filed prior to sentencing – to which Seeger raised no objection. J.A. 385-386. Then, when the court imposed its judgment it set forth the restitution order restitution totaling $24,975, and specifically set forth the individual figures for each victim's restitution. J.A. 421-421. Seeger did not object. Seeger, through counsel, requested a stay "on the financial obligation to pay the restitution pending appeal" at the close of sentencing, which was denied. J.A. 435.

Based upon the foregoing, Seeger's challenges to the imposition of his sentence of restitution clearly fall within the scope of his appellate waiver. In his plea agreement, Seeger agreed specifically that he would be required to pay restitution in an amount to be determined at sentencing to JD1 and JD2, and "by agreement" to KD, and that all three would be entitled to restitution in the amount of at least $3,000. J.A. 216. Although he initially raised an objection to the

6

application of special assessments – which the United States agreed he had preserved by raising – he objected to the application of such assessments through counsel and those special assessments were not applied.  His challenge now, although similar, is clearly covered by the waiver in his plea agreement and has been treated as such consistently throughout the proceedings by all parties.  Indeed, the waiver of appellate rights contained in the plea agreement is a full waiver – except as it related to Seeger's ability to appeal the denial of his motions to suppress – in which Seeger waived his right to appeal "whatever sentence is imposed" including any "order of restitution," J.A. 215, "for any reason" including "any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release." J.A. 215.

For the reasons stated above, the United States moves the Court to dismiss the appeal based upon defendant's knowing and intelligent waiver of his appellate rights.

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By:     /s/ Kimberley D. Crockett
        Kimberley D. Crockett (WV 9335)
        Assistant United States Attorney

7

## <u>NOTIFICATION OF COUNSEL</u>

Pursuant to Local Rule 27(a), I, Kimberley D. Crockett, Assistant United States Attorney for the Northern District of West Virginia, notified counsel for Mr. Seeger of the intended filing of the foregoing motion to dismiss and motion to suspend briefing. Defense counsel advised that she opposes the motion to dismiss on behalf of Mr. Seeger, she has no position on the motion to suspend briefing and had no objection to supplement of the record with Amended PSR and the Objections raised to the original PSR.

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By: /s/ Kimberley D. Crockett
   Kimberley D. Crockett (WV 9335)
   Assistant United States Attorney
   217 W. King Street
   Martinsburg, West Virginia 25401
   304-262-0590

## CERTIFICATE OF SERVICE

I, Kimberley D. Crockett, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that, on May 14, 2026, the foregoing **UNITED STATES' MOTION TO DISMISS APPEAL** was filed with the Clerk of Court using the CM/ECF system served upon the following:

Elizabeth Franklin-Best
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive, Suite 113
Columbia, South Carolina 29204

Martin P. Sheehan
Sheehan & Associates, P.L.L.C.
1140 Main St., Suite 333
Wheeling, WV 26003

*Counsel for Appellant*

Further, a true and accurate copy was mailed to the appellant using the United States Postal Service, first class, postage pre-paid, to the following address:

Steven David Seeger
Register Number: 25025-511
FCI Victorville Medium II
13777 AIR EXPRESSWAY BLVD
VICTORVILLE, CA   92394

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By:    /s/ Kimberley D. Crockett
       Kimberley D. Crockett (WV 9335)
       Assistant United States Attorney
       217 W. King Street
       Martinsburg, West Virginia 25401
       304-262-0590