Case No. 25-4526

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

UNITED STATES

v

STEVEN SEEGER

**Response to Motion to Dismiss Appeal
and Motion to Suspend Briefing Schedule**

Now comes Steven Seeger, by his attorneys, Elizabeth Franklin-Best and Elizabeth Franklin-Best, P.C. and Martin P. Sheehan and Sheehan & Associates, PLLC and respond to the Motion to Dismiss Appeal and Motion to Suspend Briefing Schedule as follows:

1.      This case is before the Court following a conditional guilty plea.

2.      The primary issues raised on appeal concerned the denial of a motion to suppress evidence.

3.      The underlying motion asserted that under the circumstances, a search of the petitioner's home, a warrant was required.

4.      While the officer presented an affidavit to a judicial officer, no warrant was issued.

5.      The District Court determined that no warrant had issued.

6.      The District Court also determined that the search was unconstitutional.

7.      The District Court also concluded that the "good faith" exception would not allow the search to be upheld, as there simply was no warrant to which the Government could identify as supporting a finding of good faith.

8. Despite the foregoing conclusions of law the District Court declined to suppress any evidence seized during what it had found was an unconstitutional search. Instead the Court opined that the cost of social cost of suppression was too high in this case.

9. Believing that to be error, the case below was resolved by a conditional guilty plea. A substantial sentence was imposed. This appeal followed.

10. The original briefing schedule called for Appellant's brief to the filed by December 29, 2025. Counsel for Mr. Seeger sought and obtained an extension of time to consult with their client about the brief to be filed on his behalf. (Mr. Seeger is incarcerated in a Federal Correction Institution in California, and some technical issues had limited communication.

11. The Defendant's brief was filed on February 25, 2026.

12. On March 20, 2026,  the Government sought an extension of time to file a brief until April 20, 2026. On April 20, 2026, the Government again sought an extension of time to file a brief. Those motions were granted and the Government's brief is now due on May 20, 2026.

13. On May, 14, 2026, the Government sought an indefinite delay in briefing. It did so, as part of a motion to dismiss one of the issues raised on appeal, the imposition of some restitution.

14. The Government now contends that terms of a plea agreement that provided for the conditional appeal foreclose any appeal concerning the imposition of restitution.

15. The restitution issue, addressed more fully below, would be rendered moot by a successful appeal of the central issue in this case, one preserved by a conditional appeal, the denial of the motion to suppress.

16.     Any issue of restitution is an issue of a "tail wagging the dog." Sentencing issues, including restitution, cannot logically be reached until the propriety of evidence that supports a conviction has first been addressed.

17.     It appears to the Defendant, that the Government which is holding the Defendant in prison on a conditional guilty plea is attempting to extend the resulting confinement of the Defendant without addressing the illegality of the search on which the conditional plea depends. Delay extends confinement. Freedom lost cannot be retroactively restored. Some substitute is possible, but the freedom is forever lost.

18.     Defendant asks that the Government's motion to suspend the briefing schedule be denied and that briefing proceed as now scheduled with the Government's brief being due on May 20, 2026.

Restitution

19.     The plea agreement, proffered by the Defendant to Judge Aloi on May 12, 2026, was accepted by District Judge Klee on June 11, 2025. Thereafter, on September 23, 2026, Judge Klee imposed sentence.

20.     There is no doubt that the plea agreement does contain a waiver of some appellate rights. However, with respect to restitution, the agreement provides:

> "If determined to be applicable as a matter of law, Defendant is aware that, unless indigent he will be required to pay an additional special assessment of $5,000 under the Justice for Victims of Trafficking Act, Title 18 United States Code, Section 3014(a)(3) and up to $50,000 for Amy, Vicky and Andy Child Pornography Assistance Act under Title 18, United States Code, Section 2259.

(Numbered Paragraph 2 of Plea Agreement at fourth unnumbered paragraph therein. See SA 38)

This issue was preserved in an objection to the Presentence Report. See SA 48-49

21. The conditional language, "if determined to be applicable" reflects on going disputes over the exact punishment that could lawfully be imposed. This represents an exception to any general waiver.

22. At sentencing, the Defendant asserted that the applicable restitution statutes did not apply, and on ex post facto principles could not apply.

23. Mr. Seeger could only waive difficulties with what had occurred when he tendered his plea, on May 12, 2026. Events that a) might happen in the future that contained errors b) which could not be anticipated, errors which occurred on September 23, 2026, could not have been the subject of a knowing and intelligent waiver.

24. Imagine a Defendant plead guilty to a statute that sets a maximum penalty of imprisonment at 5 years. The Defendant waives his appeal rights regarding sentencing. Disappointed that he the sentence is not to probation, the waiver prevents an appeal. But if the Court imposes an illegal 20 year sentence of imprisonment, the waiver that prevents a disappointed defendant from seeking relief on appeal from the sentence of incarceration is no knowing and intelligent waiver of an illegal sentence. That is a matter that must be corrected, regardless of even definite waiver language.

25. Mr. Seeger contends that his complaints concerning the imposition of restitution meet such criteria. He relies on Ellingburg v. United States, 607 U.S. ___. 146 S.Ct.564, 223 L.Ed.2d 446  (No. 24-482, January 20, 2026).

26. The illegality of an ex post facto portion of a sentence is an "ordinary" appeal issue. It should be addressed in the briefs. Even if it were a proper subject of a separate motion, this issue is sufficiently collateral to issues raised by Mr. Seeger.

WHEREFORE, Mr. Seeger asks a) that the motion to suspend briefing be denied, and b) that the motion to dismiss the appeal as it pertains to restitution be denied or deferred pending briefing on the entire appeal.

Respectfully submitted,

s/ *Elizabeth Franklin-Best, Esq.*

Elizabeth Franklin-Best P.C.
3710 Landmark Drive,
Suite 113
Columbia, SC 29204
(803) 445-1334
elizabeth@franklinbestlaw.com

s/ *Martin P. Sheehan, Esq.*

Sheehan & Associates, PLLC
1140 Main St.
Suite 333
Wheeling, WV 26003
(304) 232-1064
Martin@MSheehanLaw.net
Paralegal@MSheehanLaw.net

**CERTIFICATE OF SERVICE**

I, Martin P. Sheehan, did file this document with the Clerk of the Circuit Court for the Fourth Circuit on this 15th day of May 2026 via CM/ECF. That caused service to be made on Assistant United States Attorneys Andrew R. Cogar, Kimberley D. Crockett and Morgan McKee, at their e-mail addresses of record.

s/ *Martin P. Sheehan*
Martin P. Sheehan, Esq.

Sheehan & Associates, PLLC
1140 Main St., Suite 333
Wheeling, WV 26003
(304) 232-1064
(304)232-1066 fax
Martin@MSheehanLaw.net
Paralegal@MSheehanLaw.net