**Case No. 25-4526**
**(1:24-cr-42-TSK-MJA-1)**

**IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**UNITED STATES**

**v**

**STEVEN SEEGER**
Appellant

**Motion of Appellant, Steven Seeger, to Reconsider
and Vacate Order of June 25, 2026,
in light of the decision of the United States Supreme Court in
<u>Hunter v. United States</u>, No. 24-1063 (June 18, 2026)**

Counsel for Mr. Seeger
Elizabeth Franklin-Best, Esq,
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive
Columbia, South Carolina, 29204
(803) 445-1333
elizabeth.a.franklin@gmail.com

Martin P. Sheehan, Esq.
Sheehan & Associates, PLLC
1140 Main St.
Suite 333
Wheeling, WV 26003
(304) 232-1064
Martin@MSheehanLaw.net
Paralegal@MSheehanLaw.net

**Motion of Appellant Steven Seeger to Reconsider and Vacate Order
of June 25, 2026, in light of the decision of the United States Supreme Court in
<u>Hunter v. United States</u>, No. 24-1063 (June 18, 2026)**

Now comes Steven Seeger, by his attorneys, Elizabeth Franklin-Best and

Elizabeth Franklin-Best, P.C. and Martin P. Sheehan and Sheehan & Associates,

PLLC and move the Court to reconsider, and vacate, the order of June 25, 2026

granting the motion of the United States to dismiss a portion of the appeal filed by

Mr. Seeger, specifically the portion of his appeal from a sentencing order imposing

restitution in violation of the <u>ex post facto clause</u> of the Constitution.

The Government had contended that language in the plea agreement,

foreclosed an appeal on such grounds because of a waiver that was part of the plea

agreement. The order of June 25, 2026, appears to accept the view that the issue

was foreclosed from appellate review because of such language.

Mr. Seeger moves to reconsider that order, and to have the order vacated, in

light of the recent decision of the United States Supreme Court in <u>Hunter v. United

States,</u> No. 24-1063, June, 18, 2026.[1] In that case, the Supreme Court held that

language in a plea agreement was unenforceable where it would result in a

miscarriage of justice. There, as here, the problem arose after the plea was accepted

---

[1] On June 26, 2026, counsel for Mr. Seeger indicated to Assistant United States
Attorney Kimberley Crockett, an intention to file this motion with the Court.
Counsel requested the AUSA indicate her willingness to consent to the relief
sought, or the intent to oppose such relief. Movant has been advised that the United
States intends to oppose such relief.

and the Court moved to the sentencing phase of the case. In <u>Hunter</u>, the Defendant plead to various fraud offenses. The Probation Officer recommended that as a condition of supervised release that Mr. Hunter receive mental health counseling and take all medication which would be prescribed by his physician. This was referred to as a mandatory medication component of the sentence.

Mr. Hunter objected to such a condition at sentencing as a violation of a fundamental right to be free from being coerced into taking medication. Despite the objection of Mr. Hunter, the District Court imposed the condition. Mr. Hunter appealed and challenged the mandatory medication component of his sentence. The Court of Appeal for the Fifth Circuit held the language of the plea agreement made that condition unappealable and dismissed the appeal.

The Supreme Court, in an opinion by Justice Kagan, reviewed whether a waiver contained in a plea agreement had limits. First, Justice Kagan observed that a plea agreement waiver would only be effective if, and when, enforced by the judiciary. She opined that the role of the judiciary in approving, and enforcing, plea agreements implicated the integrity of the judiciary.

Justice Kagan articulated three circumstances where a plea waiver would not be effective, historically. First, she said that a challenge to a sentence in excess of statutory limits should not be limited by a waiver. (Slip at 10.) She also described sentence imposed on the basis of unconstitutional discriminatory factors, such as

race or religion. (Slip at 11) Finally, she decried use of a waiver to sustain sentences imposed without any rational foundation (i.e. by letting an orangutan pick a sentence from a hat.) (Slip at 11)

Given these examples, Justice Kagan settled on a formula that a plea agreement would be unenforceable where there would be a miscarriage of justice. (Slip at 13-14). Interestingly, the Supreme Court did not reach the question of whether the mandatory medication component of the sentence did infringe on a fundamental right to be free from a requirement of coerced medication. That question was remanded.

In Mr. Seeger's case, the procedural setting is similar. After a plea was accepted, the District Court proceeded to impose sentence. The pre-sentence report prepared by the Probation Office recommended the imposition of a sentence of restitution under the Mandatory Victims Restitution Act, 18 U.S.C. § 2259 and the 2018 Amy, Vicky, and Andy Child Pornography Victim Assistance Act. Mr. Seeger timely objected that such statutes were not in existence and were not in existence in the same form when these offenses were alleged to have occurred in 2014. He filed an objection on ex post facto grounds. Despite this objection, the sentence imposed included punishment under these acts.

Whatever doubt might have existed that this aspect of the sentence was imposed in violation of the ex post facto clause of the Constitution, that doubt

dissipated with the decision of the United States Supreme Court earlier this term in Ellingburg v. United States, 607 U.S. __ (2026) (No. 24-482, January 20, 2026). Ellingburg clearly held that the imposition of restitution in a criminal case was part of the sentence and governed by the ex post facto clause.

In Hunter, the imposition of a sentence in excess of statutory limits was a specific example of the kind of issue that would be render unenforceable any waiver language in a plea agreement. Clearly, that portion of the sentence imposed on Mr. Seeger is an example of a circumstance where a waiver of appeal rights would result in a miscarriage of justice.

WHEREFORE the Appellant, the Defendant below, Steven Seeger asks the Court to reconsider the order of June 25, 2026, dismissing the portion of this appeal contesting the imposition of a sentence of restitution, and vacate said order, and then require that any brief filed by the United States also address that issue.

Respectfully submitted

s/ *Elizabeth Franklin-Best*
Elizabeth Franklin-Best, Esq.

Elizabeth Franklin-Best, P.C.
3710 Landmark Drive
Columbia, South Carolina, 29204
(803) 445-1333
elizabeth.a.franklin@gmail.com

s/ *Martin P. Sheehan*

W.Va. Bar No. 4812
Sheehan & Associates, PLLC
1140 Main St.
Suite 333
Wheeling, WV 26003
(304) 232-1064
Martin@MSheehanLaw.net
Paralegal@MSheehanLaw.net

## Certificate of Service

I, Martin P. Sheehan, Esq., caused the foregoing Motion of Appellant Steven Seeger to Reconsider and Vacate Order of June 25, 2026 in light of the decision of the United States Supreme Court in <u>Hunter v. United States</u>, No. 24-1063 (June 18, 2026) to be filed with the United States Supreme Court on June 27, 2026, and that process caused service on all counsel of record including AUSA Kimberley D. Crockett at <u>Kimberley.D.Crockett@usdoj.gov</u>

s/ Martin P. Sheehan

Sheehan & Associates, PLLC
1140 Main St.
Suite 333
Wheeling, WV 26003
(304) 232-1064
<u>Martin@MSheehanLaw.net</u>
<u>Paralegal@MSheehanLaw.net</u>