## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**
           **Appellee,**

**v.**                                    **Appeal No.        25-4526**


**STEVEN DAVID SEEGER,**
           **Appellant.**


## UNITED STATES' RESPONSE IN OPPOSITION TO
## MOTION TO RECONSIDER

The United States moved the Court to dismiss Defendant Seeger's appeal as it relates to his claim that the restitution order violates the Ex Post Facto Clause because it applies harsher post-offense restitution provisions in contravention of *Ellington v. United States*, because Seeger knowingly and voluntarily waived his right to appeal his conviction and sentence in his plea agreement, except for a limited carve out for Seeger to appeal adverse rulings on his motions to suppress.

On June 25, 2026, this Court granted the Government's motion and dismissed the appeal in part finding that Seeger's appeal of the restitution order is barred by the appeal waiver. Then, on June 27, 2026, Seeger filed a motion to reconsider in light of a recent decision in *Hunter v. United States*, released a week before this Court's Order dismissing the appeal. No. 24-1063 (June 18, 2026). In short, Seeger would have this Court vacate its order because in his view, to enforce the language

in the plea agreement would result in a miscarriage of justice.  The United States disagrees.

First, *Hunter* was released on June 18th and this Court granted the United States' Motion to Dismiss on June 25th, a week later.  If there was a concern that this Court was not aware of a Supreme Court case, which is unlikely given the United States Court of Appeals for the Fourth Circuit is familiar with relevant authority when they issue an order, the proper remedy was something akin to a notice of supplemental authority under Rule 28(j), not a motion to reconsider two days after the order was filed (and nine days after the proffered subsequent authority was released).

Second, Seeger's recitation obfuscates the facts of *Hunter* to seem relevant, as he fails to note that the issue in *Hunter* was not simply whether "language in a plea agreement was unenforceable where it would result in a miscarriage of justice," it was whether the appellate waiver in the plea agreement could be enforced to bar appeal of an issue where a miscarriage of justice.  Specifically, in *Hunter*, the question was whether the appellate waiver in Hunter's plea agreement could bar his appeal of a mandatory-medication condition of supervised release over his personal objections to such medication regimen.  *Hunter* did not even decide whether the issue would in fact be a miscarriage of justice, but the Fifth Circuit's strict appellate waiver standard was simply a no go (unenforceable).  Here, by contrast, the issue

2

which Seeger seeks to appeal – restitution – is *expressly included and contemplated* in the plea agreement.

Regardless, the Fourth Circuit already recognized pre-*Hunter* that one of the limited circumstances in which it will not enforce an otherwise valid appellate waiver is if enforcing an appeal waiver would result in a "miscarriage of justice." *See United States v. Smith*, 134 F.4th 248, 261 (4th Cir. 2025); *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. McKinley*, 60 F.4th 188 (4th Cir. 2023). Here, we have a plea agreement that contains an appellate waiver with a limited carveout. Seeger, in fact, agreed to pay restitution to K.D. of at least $3,000, with some slightly confusing wording, but the import remains. His appellate waiver expressly foreclosed challenge of it. Therefore, the United States Supreme Court's recent decision in *Hunter*, which affirmed the approach already taken by the Fourth Circuit (as set forth in *Smith*, *McKinley*, *Adams*, *and Johnson*) does not change the outcome.

It is clear from the record in this case that Seeger knowingly and intelligently waived his appellate rights. Seeger knowingly and expressly waived his right to challenge his conviction and his sentence, if it was within the binding range of imprisonment (not less than 15 but not more than 30 years), or the manner in which it was determined in any postconviction proceeding. Seeger acknowledged his understanding, including the fact that his attorneys had discussed all of the waivers

3

with him, and each of Seeger's attorneys confirmed they believed Seeger understood the rights he was waiving. Based thereon, the magistrate judge found Seeger understood the nature of the charges, the consequences of his guilty plea, and the important appellate rights he waived, and also that he had preserved his right to appeal his motions to suppress. Based upon the foregoing, Seeger's challenges to the imposition of his sentence of restitution clearly fall within the scope of his appellate waiver. And, because Seeger expressly agreed to pay restitution of at least $3,000 to K.D. in the plea agreement, no miscarriage of justice results from enforcing the appellate waiver as to that limited issue which is expressly covered by the appellate waiver.

For the reasons stated above, the United States moves the Court to deny the motion to reconsider as the holding in *Hunter* has no bearing in this case, and the appellate waiver is enforceable to bar an appeal of the restitution order, and to do so would not result in a miscarriage of justice.

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By:   /s/ Kimberley D. Crockett
Kimberley D. Crockett (WV 9335)
Assistant United States Attorney

4

## <u>NOTIFICATION OF COUNSEL</u>

Pursuant to Local Rule 27(a), I, Kimberley D. Crockett, Assistant United States Attorney for the Northern District of West Virginia, have responded to the Seeger's motion for reconsideration within the time proscribed by the rules and have limited the response to those matters set forth in Seeger's motion.

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By:    /s/ Kimberley D. Crockett
       Kimberley D. Crockett (WV 9335)
       Assistant United States Attorney
       217 W. King Street
       Martinsburg, West Virginia 25401
       304-262-0590

## CERTIFICATE OF SERVICE

I, Kimberley D. Crockett, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that, on July 9, 2026, the foregoing **UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER** was filed with the Clerk of Court using the CM/ECF system served upon the following:

Elizabeth Franklin-Best
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive, Suite 113
Columbia, South Carolina 29204

Martin P. Sheehan
Sheehan & Associates, P.L.L.C.
1140 Main St., Suite 333
Wheeling, WV 26003

*Counsel for Appellant*

Further, a true and accurate copy was mailed to the appellant using the United States Postal Service, first class, postage pre-paid, to the following address:

Steven David Seeger
Register Number: 25025-511
FCI Victorville Medium II
13777 AIR EXPRESSWAY BLVD
VICTORVILLE, CA   92394

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By:   /s/ Kimberley D. Crockett
      Kimberley D. Crockett (WV 9335)
      Assistant United States Attorney
      217 W. King Street
      Martinsburg, West Virginia 25401
      304-262-0590